# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | | |
|---|---|---|
| PROMED, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. MC412-024 |
| | ) | |
| PAVLAS, BROWN & YORK, L.L.P.; | ) | |
| MARSHAL DAVIS BROWN, JR.; | ) | |
| WINSTEAD, PC; LINDA GLOVER; | ) | |
| MANNY GUYOT; and RACHEL | ) | |
| BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On October 5, 2012, defendant Manny Guyot served a deposition and document subpoena upon Mark Tate and the Tate Law Group, LLC, who reside within this Court's jurisdiction. (Doc. 6 at 1 (motion to quash); doc. 6-1 (subpoena).) The subpoena stems from a pending Fed. R. Civ. P. 11 motion for sanctions that Guyot filed against Tate and his firm in an Eastern District of Texas case, *ProMed LLC v. Pavlas, Brown & York, L.L.P.*, No. CV612-089, doc. 38 (E.D. Tex. Feb. 24, 2012).[1] Guyot

---

[1] According to Fed. R. Civ. P. 45(c)(3), such motions must be made before the issuing court: "[t]hough a protective order under Rule 26(c) can be sought/determined in the court where the underlying action is pending . . . a motion to quash, under Rule 45(c)(3)(A), must be filed and decided in the court from which the subpoena issued."

seeks those sanctions "for, among other things, filing a frivolous law suit with no basis in law or fact, for failing to conduct a reasonable inquiry into the facts of the case before filing it, and with the improper purpose of harassing Guyot".[2]   (Doc. 7 at 1 (Guyot's response).)

In the Texas case ProMed accused Guyot, president of one of ProMed's related businesses, of stealing a company computer containing "highly sensitive, confidential and privileged information, trade secrets, and intellectual property", as well as misappropriating funds from a company account. *ProMed LLC*, No. CV612-089, doc. 3 at 4 (amended complaint). Guyot insists Tate should never have filed the suit since basic research would have revealed that while ProMed was created in Florida, its members resided in Texas so the complaint, which rested

---

*Kearney for Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997); *see Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 162 F.R.D. 25, 28 (S.D.N.Y. 1995) (noting that Rule 45(c)(3) motions must be brought before the issuing court).

[2] After Guyot filed a motion to dismiss in that case, ProMed filed a notice of voluntary dismissal. *See ProMed LLC*, No. CV612-089, docs. 31 (motion to dismiss) & 39 (ProMed's motion requesting voluntary dismissal). The *ProMed LLC* court has yet to rule on those motions, apparently waiting to resolve the pending sanctions issues before dismissing the case.

upon the Court's diversity jurisdiction, necessarily fails.[3]   *ProMed LLC*, No. CV612-089, doc. 18 at 3-6.   Additionally, he argues that ProMed lacked standing, since it never owned the computer or bank account it alleged that Guyot misappropriated.   *Id.* at 8.   Tate insisted at an earlier deposition, however, that he had been told that the property in question had been assigned to ProMed from a related company, Surgeon's Management, Inc., though he later learned that ProMed was not a successor in interest and promptly filed the motion for voluntary dismissal.   (Doc. 7 at 2 (Guyot's response); doc. 7-3 at 6, 14-15, 17 (Tate dep.).)

Guyot's subpoena is largely focused on learning more about the alleged assignment so that he may learn whether the blame for filing the action rests with Tate, ProMed, or someone else.   (Doc. 7 at 3, doc. 6-1 at 9 (subpoena).)   Tate, however, argues that Guyot's requests are overly broad and encompass many documents protected by the attorney-client

---

[3]   The standard for determining the citizenship of an LLC is different from that of a corporation.   An LLC resides in every state in which their members are citizens. *See Rolling Greens MHP, PL v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen).

privilege and/or attorney work-product doctrine.   (Doc. 6 at 5.)   He has submitted a summary privilege log disclosing documents that may be responsive to Guyot's requests but which are, according to Tate, privileged and/or protected as work product.   (Doc. 6-2.)

While Guyot insists the privileges don't apply, were waived, and are subject to the attorney-client privilege crime-fraud exception (doc. 7), the Court simply cannot assess the matter without more information.   Tate must submit a more detailed log, setting forth the following information as to each document or communication responsive to Guyot's subpoena:

(1)   the nature of the document or communication;

(2)   the date of the document or communication;

(3)   its source;

(4)   the intended recipient;

(5)   each individual or entity that received it;

(6)   the purpose for which it was prepared;

(7)   the nature of the privilege asserted; and

(8)   sufficient facts to allow the Court to assess whether the  document or communication falls within the privilege.

*See Praetorian Specialty Insurance Co. v. Rycars Construction, LLC*, No.

4

CV410-202, doc. 29 at 4-5 (S.D. Ga. Aug. 11, 2011) (party directed to submit a more detailed privilege log where it initially "offered only blanket assertions of privilege and boilerplate objections").   As for any document or communication whose production is opposed on grounds other than privilege, Tate must answer questions (1) through (6) and state (7) the specific reason for opposing production and supporting legal authority.   *Id.*   If Tate chooses to proceed in this fashion, Guyot will have fourteen days to review the index and prepare a response if he continues to believe that the privilege or objection has been improperly asserted.

   **SO ORDERED** this 26th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA