UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| PROMED, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. MC412-024 |
| ) | |
| PAVLAS, BROWN & YORK, L.L.P.; ) | |
| MARSHAL DAVIS BROWN, JR.; ) | |
| WINSTEAD, PC; LINDA GLOVER; ) | |
| MANNY GUYOT; and RACHEL ) | |
| BROWN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In the United States District Court for the Eastern District of Texas, a live motion for sanctions remains pending in an otherwise closed case. *ProMed, Inc. v. Pavlas, Brown & York, LP*, No. CV612-089, doc. 38 (E.D. Tex. Dec. 11, 2012). According to defendant Manny Guyot, Savannah, Georgia attorney Mark Tate knowingly filed a frivolous lawsuit against him on behalf of plaintiff ProMed, Inc., and thus caused him to incur nearly $45,000 dollars in legal fees. *Id.* at 1-12. He seeks damages, among other relief, under Fed. R. Civ. P. 11. *Id.* In order to support the sanctions motion, Guyot subpoenaed Tate through this Court to produce certain documents and to submit to a deposition upon written questions. (Doc. 6-1

at 1, 3.)   Tate moved to quash the subpoena, insisting that the information sought would violate the attorney-client privilege and attorney work product protection.   (Doc. 6 at 2.)   He provided an abbreviated privilege log along with his motion (doc. 6-2), but the Court ordered him to submit a more detailed log.   (Doc. 9.)   That log is here.   (Doc. 10.)

Having reviewed Tate's log along with the motion for sanctions, the Court is convinced that the motion to quash would be best addressed by the United States District Court for the Eastern District of Texas, which is far more familiar with the issues underlying the matter.   Since it is "within the discretion of the district court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending," 9A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008), the undersigned remits this matter to that court for its consideration. *See Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (finding no impropriety where court issuing subpoena transferred a motion to compel to district with jurisdiction over underlying litigation); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (same). *But see In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998) (district court that issued subpoena lacked authority to transfer motion to

2

quash to district court where trial was to take place); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (rejecting transfer of discovery disputes). *See generally Limon v. Berryco Barge Lines, L.L.C.*, 2009 WL 1347363 at *2 (S.D. Tex. 2009) (acknowledging circuit split on whether such a transfer is appropriate, but noting that it might entertain such a motion upon a formal transfer from the issuing court); *Melder v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 1899569 at *4 (N.D. Ga. Apr. 25 2008) (also acknowledging circuit split on transferability issue, but noting that the Eleventh Circuit has not yet ruled on the matter). The Clerk is **DIRECTED** to forward this transfer order to the United States District Court for the Eastern District of Texas and to close this miscellaneous civil case.

     **SO ORDERED** this 11th day of January, 2013.

                                     UNITED STATES MAGISTRATE JUDGE
                                     SOUTHERN DISTRICT OF GEORGIA